**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
ben@nexusbk.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No: |
| **GLADYS GRACE LIAD VILLACORTA,** | **Chapter 13** |
| Debtor. | **DECLARATION OF GLADYS GRACE VILLACORTA REGARDING PRESUMPTION OF ABUSE** |

I, Gladys Villacorta, declare as follows:

1. I am the Debtor in this bankruptcy case. I have personal knowledge of all matters stated herein. On all matters stated on information and belief, I believe those allegations to be true. I could competently testify to the allegations contained herein.

2. My family consists of my husband, Calvin, our 7-year-old son, Mugen, and myself. We have been facing significant financial hardship despite our best efforts to manage our finances responsibly. We have consistently adhered to a reasonable budget, cutting back on all non-essential expenses to make ends meet. Prior to filing bankruptcy, we struggled to make minimum payments on our debts. It is our hope that I obtain a discharge of my debts so that we can move on to the next and more fulfilling chapter of our lives.

3. For the reasons below, I believe that Chapter 7 is our only option, and that Chapter 13 would just set us up for failure or require that my family continue to suffer in order to pay our creditors.

4. My husband and I have carefully reviewed Schedules I and J and believe that this is an accurate representation of our actual income and expense budget. First, in December, my husband, Calvin, took on a one-time freelance assignment that provided us with a temporary increase in income, and an artificial inflation of our income on the Means Test of $2,454.18 per month, or $29,450.16 per year. This income will not be repeated, and therefore, it has been omitted from Schedule I in order to give a more accurate representation of our income. Additionally, this budget does not account for incidental expenses that are not specifically categorized on Schedule J, such as gifts for birthdays and holidays, and contributing school supplies to our child's classroom. Even if we were to reduce some expenses or eliminate discretionary expenses, such as extracurricular activities, we would still not have any money left over. These incidental expenses, while not large individually, accumulate and are necessary for maintaining the stability and well-being of our family.

5. Our transportation expense on the original Schedule J was notably high due to our reliance on very old, borrowed vehicles. Both of these vehicles are inefficient, consuming large amounts of gas, and frequently require repairs, which are often costly. We had been saving for the down payment of a new vehicle, which we are currently in the process of purchasing. We had to use approximately $10,000 from our savings for a down payment in order to get a reasonable payment at a reasonable interest rate. Our new vehicle payment is approximately $600. Our new insurance quote from AAA indicates that our insurance costs will increase from $200 to approximately $350 per month. We are hoping to replace the other older vehicle with a newer, but still used, vehicle. We are estimating that the payment will be approximately $500 per month.

6. Although our son's extracurricular activities are not absolutely necessary, they are very important for various aspects of his healthy upbringing, such as socializing and being physically active. Imposing a Chapter 13 payment plan would severely impact our ability to provide for his needs. The additional financial burden of paying creditors would limit

our ability to provide a stable and safe living environment. We know this because this is what we had to do prior to filing bankruptcy, to no avail.

7. After covering essential expenses, we do not have any disposable income. Our current financial situation does not allow for any luxuries or non-essential spending. The expenses we incur are necessary for the basic functioning of our household and the well-being of our family. Despite our best efforts, our monthly income is usually insufficient to cover our essential expenses, and we still find ourselves having to impose restrictions on our budget even more so than shown on my Schedule J.

8. The relief that we are asking for is crucial for us to regain financial stability. Given our circumstances, we desperately need a fresh start. A Chapter 7 discharge will reset our financial situation and allow us to focus on providing a stable and healthy environment for our son and building our future. Without this relief, we will continue to struggle under the weight of insurmountable debt.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 18, 2024

GLADYS VILLACORTA