| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| NEXUS BANKRUPTCY<br>BENJAMIN HESTON (297798)<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Tel: 949.312.1377<br>Fax: 949.288.2054<br>ben@nexusbk.com<br><br>☐ *Movant(s) appearing without an attorney*<br>☒ *Attorney for Movant(s)* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>GLADYS GRACE LIAD VILLACORTA,<br><br><br><br><br>Debtor(s). | CASE NO.: 2:24-bk-13211-SK<br>CHAPTER: 13 |
|---|---|
| | **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)** |
| | [No Hearing Required] |

1. I am the ☒ Movant(s) or ☐ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): <u>10/23/2024</u> Movant(s) filed a motion or application (Motion) entitled: <u>MOTION TO CONVERT</u> <u>CHAPTER 13 CASE TO CHAPTER 7</u>

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): <u>10/23/2024</u> Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than <u>20</u> days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

9.    Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: <u>11/13/2024</u>

<u>/s/Benjamin Heston</u>
Signature


<u>Benjamin Heston</u>
Printed name

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 9013-1.2.NO.REQUEST.HEARING.DEC**

**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

In re:

**GLADYS GRACE VILLACORTA,**

Debtor.

**Case No: 2:24-bk-13211-DS**

**Chapter 13**

**NOTICE OF MOTION AND MOTION TO CONVERT CHAPTER 13 CASE TO CHAPTER 7**

**[No Hearing Unless Requested]**

NOTICE IS HEREBY GIVEN that Debtor, Gladys Grace Liad Villacorta ("Debtor"), respectfully moves this Court pursuant to 11 U.S.C. § 1307(a) for an order converting her Chapter 13 bankruptcy case to a case under Chapter 7 of the Bankruptcy Code.

Pursuant to Local Bankruptcy Rule 9013-1(o), this motion may be granted upon notice of opportunity to request a hearing (i.e., without a hearing unless requested).

Pursuant to LBR 9013-1(o), any party opposing the motion may file and serve a written opposition and request a hearing on this motion. If you fail to file a written response within 14 days of the date of service of this notice of motion and motion, plus an additional 3 days, the court may treat such failure as a waiver of your right to oppose this motion and may grant the requested relief.

**In support of this motion, the Debtor alleges as follows:**

## I.

## STATEMENT OF FACTS

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 25, 2024. At the time of filing, based on the information available, the Debtor's annualized household income was $111,047.40, which exceeded the applicable state median income by $1,589.40. The original Means Test calculation reflected a negative monthly disposable income of $159.11. As such, the checkbox on page 1 of the Means Test was checked indicating that there was not a presumption of abuse.

Shortly after the filing, the Office of the United States Trustee ("UST") contacted Debtor's counsel to inquire whether the case should be dismissed or converted to Chapter 13 and requested a handful of documents. One of those documents was the Debtor's spouse's 2023 individual (i.e., not joint) income tax return which Debtor had never seen before and included some income from consulting which Debtor had been previously unaware of. Based on this additional income and a few other adjustments, an amended Means Test was filed [docket #13]. This amendment showed monthly disposable income of $2,324.83, thereby creating a presumption of abuse. Concurrently, the Debtor filed amended Schedules I and J [docket #13], which reflected a monthly net income of negative $179.10, and a declaration in rebuttal to the presumption of abuse [docket #12].

On July 2, 2024, the UST filed a motion to dismiss or convert the case pursuant to 11 U.S.C. § 707(b) [docket #14], alleging that granting relief under Chapter 7 would be an abuse of the Bankruptcy Code. While this motion was pending, the Debtor's spouse secured new employment with a higher salary. Recognizing this positive change in her financial circumstances, Debtor, through her counsel, contacted the UST and expressed that she would be amenable to voluntarily converting her case to Chapter 13. However, the UST opted to proceed with the motion under §707(b). On July 26, 2024, the Court granted the UST's motion, and the case was converted to Chapter 13 [docket #20].

Following the conversion, the Debtor filed a Chapter 13 Plan proposing to repay 100% of her unsecured debts. The Debtor attended the §341 exam and is current on her Chapter 13 payments.

On October 8, 2024, the Debtor was laid off from her employment. She received a severance package equivalent to two weeks' pay. Presently, the sole source of household income is her husband's salary, amounting to $125,000 annually. The Debtor is actively seeking employment as a graphic designer, but the market conditions are challenging, and prospects are limited.

An updated *hypothetical*[1] Means Test calculation is attached hereto as **Exhibit A**, which accounts for the following adjustments:

1. **Income**: Only the Debtor's husband's income of $125,000 annually is included.

2. **Decreased expenses**: Certain variable expenses have been reduced or eliminated. Notably, the childcare expense has been removed since the Debtor is now available to care for their child due to her unemployment.

3. **Increased expenses**: Since the Debtor's family is no longer receiving health insurance through the Debtor's employment, an expense of $1,760.44 per month for health insurance premiums was added. Proof of this expense is attached hereto as **Exhibit B**.

4. **Post-Petition Debts**: Two car payments incurred post-petition by the Debtor's spouse are included.

These adjustments accurately reflect the Debtor's current financial circumstances, as well as into the foreseeable future. This Means Test indicates a monthly disposable income of negative $2,029.10. Given these circumstances, the Debtor is unable to continue funding her Chapter 13 Plan and seeks to convert her case back to Chapter 7 pursuant to 11 U.S.C. § 1307(a).

---

[1]  The Debtor is submitting a hypothetical Means Test since the actual Means Test would inevitably result in the imposition of a presumption of abuse and an unrealistic calculation of disposable income. The factors which Debtor argues in support of this motion to convert are the same as the factors which would be relevant to rebutting the presumption of abuse.

## II.

## POINTS AND AUTHORITIES

### Conversion Under 11 U.S.C. § 1307(a), Generally

Pursuant to 11 U.S.C. § 1307(a), "[t]he debtor may convert a case under this chapter to a case under chapter 7 of this title at any time." This provision grants a debtor an absolute right to convert their Chapter 13 case to Chapter 7. However, when a case was originally filed under Chapter 7, then converted to Chapter 13, there is *not* an absolute right to convert back to Chapter 7. Here, the Debtor argues that the change in circumstances warrants conversion to Chapter 7.

### Change in Circumstances

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") aimed to split debtors into two discrete categories: those who cannot afford to pay back their debts, and those who can afford to pay back some portion of their debts. The former should be allowed to receive a Chapter 7 discharge through a liquidation of their non-exempt assets, whereas the latter would need to use their disposable income to repay their debts through a Chapter 13 plan of reorganization. The primary mechanism for determining which category a debtor falls into is the Means Test calculation of disposable income. Even at its inception, the Means Test was recognized to be an imperfect tool, and, as such, the result of "failing the Means Test" is a ***presumption*** of abuse. This presumption can be rebutted upon a showing that granting relief under Chapter 7 would not be an abuse of the Bankruptcy Code.

Here, the Debtor's financial situation has materially worsened due to her unexpected loss of employment. The loss of her income significantly impacts the household's ability to meet basic living expenses, let alone make payments under a Chapter 13 Plan. The Means Test attached as Exhibit A reflects a substantial negative disposable income, indicating that the Debtor lacks the ability to repay her creditors under Chapter 13. Pursuant to <u>Hamilton v. Lanning</u>, 130 S.Ct. 2464, 2470 (2010), the Debtor would not be able to propose a feasible plan since the presently known facts would dictate a payment that was less than $0.

**Other Factors**

The Debtor has demonstrated good faith throughout this process. She cooperated with the UST by providing necessary documentation and amending her filings when additional income was discovered. After the UST sought conversion, Debtor, through her counsel, reached out to the UST to indicate that she acknowledged the change of circumstances and would voluntarily convert her case to Chapter 13. Upon conversion to Chapter 13, the Debtor proposed a plan which not only demonstrated her best efforts, but also proposed to repay 100% of her unsecured debts. The Debtor fully intended to complete her Chapter 13 Plan. The Debtor's loss of employment was unforeseen and beyond her control. The Debtor is actively seeking new employment but has been unsuccessful thus far.

## III.

## <u>CONCLUSION</u>

Based on the foregoing, the Debtor respectfully submits that conversion of her case from Chapter 13 to Chapter 7 is warranted. The Debtor's significant change in financial circumstances renders her unable to continue under Chapter 13.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order converting her bankruptcy case from Chapter 13 to Chapter 7.

NEXUS BANKRUPTCY

Date: October 23, 2024    /s/Benjamin Heston
BENJAMIN HESTON,
Attorney for Debtor

### DECLARATION OF GLADYS GRACE LIAD VILLACORTA

I, Gladys Grace Liad Villacorta, declare as follows:

1. I am the Debtor in the above-captioned case. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2. I filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 25, 2024.

3. After filing, the Office of the United States Trustee ("UST") contacted my attorney and requested additional documentation, including my spouse's 2023 individual tax return, which included previously unknown income from consulting work.

4. On July 2, 2024, the UST filed a motion to dismiss or convert my case. While the motion was pending, my spouse secured new employment with a higher salary. I agreed to voluntarily convert my case to Chapter 13, but the UST proceeded with their motion.

5. On July 26, 2024, the Court granted the UST's motion, and my case was converted to Chapter 13.

6. After conversion, I filed a Chapter 13 Plan proposing to repay 100% of my unsecured debts.

7. On October 8, 2024, I was unexpectedly laid off from my employment and received a severance package equivalent to two weeks of pay.

8. Since my layoff, the sole source of household income has been my spouse's salary of $125,000 per year. I am actively seeking employment as a graphic designer, but due to challenging market conditions, I have not yet secured new employment.

9. Due to my unemployment, certain variable expenses have been reduced, such as childcare costs, as I am now available to care for our child. However, we now have an increased expense for health insurance premiums of $1,760.44 per month since we no longer receive coverage through my employment.

10. Additionally, two car payments incurred post-petition by my spouse are now part of our monthly expenses.

11. Given my current financial situation, I am unable to continue funding my Chapter 13
Plan, and I am seeking to convert my case back to Chapter 7 under 11 U.S.C. § 1307(a).

12. I declare under penalty of perjury under the laws of the United States that the foregoing is
true and correct.

Date: October 23, 2024

GLADYS GRACE LIAD VILLACORTA

1
2
3
4
5
6
7
8
9
10
11
12

# EXHBIT A

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Fill in this information to identify your case: | Check one box only as directed in this form and in Form 122A-1Supp: |
|---|---|

**Debtor 1**  Gladys  Grace Liad  Villacorta
First Name  Middle Name  Last Name

**Debtor 2**
(Spouse, if filing)
First Name  Middle Name  Last Name

United States Bankruptcy Court for the:  **Central District of California**

Case number  **2:24-bk-13211-SK**
(if known)

☐ 1. There is no presumption of abuse.

☑ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A-2).

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

## Official Form 122A-1

# Chapter 7 Statement of Your Current Monthly Income                    12/19

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.**

### Part 1:    Calculate Your Current Monthly Income

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☑ **Married and your spouse is NOT filing with you.** You and your spouse are:

   ☑ **Living in the same household and are not legally separated.** Fill out both Column A and B, lines 2-11.

   ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C. § 707(b)(7)(B).

**Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case.** 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $0.00 | $10,416.87 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $0.00 | $0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $0.00 | $0.00 |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | | Debtor 2 | | | | |
|---|---|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $0.00 | | $0.00 | | | | |
| Ordinary and necessary operating expenses | − $0.00 | − | $0.00 | | | | |
| Net monthly income from a business, profession, or farm | $0.00 | | $0.00 | Copy here → | $0.00 | $0.00 |

6. **Net income from rental and other real property**

| | Debtor 1 | | Debtor 2 | | | | |
|---|---|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $0.00 | | $0.00 | | | | |
| Ordinary and necessary operating expenses | − $0.00 | − | $0.00 | | | | |
| Net monthly income from rental or other real property | $0.00 | | $0.00 | Copy here → | $0.00 | $0.00 |

| 7. | **Interest, dividends, and royalties** | $0.00 | $0.00 |
|---|---|---|---|

Debtor 1    Gladys          Grace Liad       Villacorta                    Case number *(if known)* 2:24-bk-13211-SK
           First Name      Middle Name      Last Name

| | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|

**8. Unemployment compensation** — | $0.00 | $0.00

Do not enter the amount if you contend that the amount received was a benefit under

the Social Security Act. Instead, list it here: ...................................... ↓

For you.................................................................... | $0.00

For your spouse....................................................... | $0.00

**9. Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title. — | $0.00 | $0.00

**10. Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

Total amounts from separate pages, if any. | + _____ | + _____

**11. Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B. | $0.00 | + | $10,416.87 | = | $10,416.87

**Total current monthly income**

| **Part 2:** | Determine Whether the Means Test Applies to You |
|---|---|

**12. Calculate your current monthly income for the year.** Follow these steps:

12a.  Copy your total current monthly income from line 11.................................................................. **Copy line 11 here →** | $10,416.87

Multiply by 12 (the number of months in a year). | **X 12**

12b.  The result is your annual income for this part of the form. | 12b. | $125,002.44

**13. Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live. | California

Fill in the number of people in your household. | 3

Fill in the median family income for your state and size of household.................................................... 13. | $109,458.00
To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

**14. How do the lines compare?**

14a. ☐ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
        Go to Part 3. Do NOT fill out or file Official Form 122A-2.

14b. ☑ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.*
        Go to Part 3 and fill out Form 122A–2.

Debtor 1    __Gladys__    __Grace Liad__    __Villacorta__    Case number *(if known)* __2:24-bk-13211-SK__
              First Name      Middle Name      Last Name

| Part 3: | Sign Below |
|---|---|

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

**X** _____

Signature of Debtor 1

Date __10/22/2024__
        MM/  DD/  YYYY

If you checked line 14a, do NOT fill out or file Form 122A–2.

If you checked line 14b, fill out Form 122A–2 and file it with this form.

---

Official Form 122A-1          **Chapter 7 Statement of Your Current Monthly Income**          page **3**

Fill in this information to identify your case:

| Debtor 1 | **Gladys** | **Grace Liad** | **Villacorta** |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

Debtor 2
(Spouse, if filing)

| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    **Central District of California**

Case number    **2:24-bk-13211-SK**
(if known)

Check the appropriate box as directed in lines 40 or 42:

According to the calculations required by this Statement:

☑ 1. There is no presumption of abuse.

☐ 2. There is a presumption of abuse.

☐ Check if this is an amended filing

## Official Form 122A-2

## Chapter 7 Means Test Calculation                                                04/22

To fill out this form, you will need your completed copy of *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A-1).

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

### Part 1: Determine Your Adjusted Income

1.  Copy your total current monthly income. ................................ Copy line 11 from Official From 122A-1 here →............. $10,416.87

2.  **Did you fill out Column B in Part 1 of Form 122A-1?**
    ☐ No. Fill in $0 for the total on line 3.
    ☑ Yes. Is your spouse filing with you?
        ☑ No. Go to line 3.
        ☐ Yes. Fill in $0 for the total on line 3.

3.  **Adjust your current monthly income by subtracting any part of your spouse's income not used to pay for the household expenses of you or your dependents.** Follow these steps:

    On line 11, Column B of Form 122A–1, was any amount of the income you reported for your spouse NOT regularly used for the household expenses of you or your dependents?

    ☑ No. Fill in 0 for the total on line 3.
    ☐ Yes. Fill in the information below:

| **State each purpose for which the income was used**<br>For example, the income is used to pay your spouse's tax debt or to support people other than you or your dependents | **Fill in the amount you are subtracting from your spouse's income** |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | + _____ |
| Total ........................................ | $0.00    Copy total here......→ |

− $0.00

4.  **Adjust your current monthly income.** Subtract the total on line 3 from line 1.    $10,416.87

Debtor 1    Gladys    Grace Liad    Hilacopta    Case number *(if known)* 2:24-bk-13211-SK

First Name    Middle Name    Last Name

---

**Part 2:    Calculate Your Deductions from Your Income**

The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not deduct any amounts that you subtracted from your spouse's income in line 3 and do not deduct any operating expenses that you subtracted from income in lines 5 and 6 of Form 122A–1.

If your expenses differ from month to month, enter the average expense.

Whenever this part of the form refers to *you*, it means both you and your spouse if Column B of Form 122A–1 is filled in.

5.  **The number of people used in determining your deductions from income**

Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.

| 3 |
|---|

| National Standards | You must use the IRS National Standards to answer the questions in lines 6-7. |
|---|---|

6.  **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.    $1,700.00

7.  **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories—people who are under 65 and people who are 65 or older—because older people have a higher IRS allowance for health care costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

| People who are under 65 years of age | | |
|---|---|---|
| 7a.  Out-of-pocket health care allowance per person | $79.00 | |
| 7b.  Number of people who are under 65 | X    3 | |
| 7c.  Subtotal. Multiply line 7a by line 7b. | $237.00 | Copy here → $237.00 |

| People who are 65 years of age or older | | |
|---|---|---|
| 7d.  Out-of-pocket health care allowance per person | $154.00 | |
| 7e.  Number of people who are 65 or older | X    0 | |
| 7f.  Subtotal. Multiply line 7d by line 7e. | $0.00 | Copy here → +    $0.00 |

7g.  **Total.** Add lines 7c and 7f. ......................    $237.00    Copy total here →    $237.00

Debtor 1    Gladys    Grace Liad    Villacorta    Case number *(if known)* 2:24-bk-13211-SK

First Name    Middle Name    Last Name

| Local Standards | You must use the IRS Local Standards to answer the questions in lines 8-15. |

Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:

■ Housing and utilities – Insurance and operating expenses

■ Housing and utilities – Mortgage or rent expenses

To answer the questions in lines 8-9, use the U.S. Trustee Program chart. To find the chart, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

8.    **Housing and utilities – Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses.......................................................................................    $799.00

9.    **Housing and utilities – Mortgage or rent expenses:**

9a. Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses....................................................................    $2,687.00

9b. Total average monthly payment for all mortgages and other debts secured by your home.

To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of the creditor | Average monthly payment |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | + _____ |

Total average monthly payment    | $0.00 |    Copy here →    – $0.00    Repeat this amount on line 33a.

9c. Net mortgage or rent expense.

Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this amount is less than $0, enter $0.................................................    | $2,687.00 |    Copy here →    $2,687.00

10.    **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.**    $0.00

Explain why:    _____
_____

11.    **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

☐ 0. Go to line 14.

☐ 1. Go to line 12.

☑ 2 or more. Go to line 12.

12.    **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area.    $678.00

Debtor 1    Gladys    Grace Liad    Villacorta    Case number *(if known)* 2:4-bk-13211-SK

First Name    Middle Name    Last Name

---

**13. Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

| Vehicle 1 | Describe Vehicle 1: | **2024 Tesla Model 3 (Navy Federal)** |

13a. Ownership or leasing costs using IRS Local Standard......................................    **$629.00**

13b. Average monthly payment for all debts secured by Vehicle 1.

Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment |
|---|---|
| **NAVY FEDERAL CREDIT UNION** | **$595.29** |
| | + |
| Total average monthly payment | **$595.29** |

Copy here →    − **$595.29**

Repeat this amount on line 33b.

13c. Net Vehicle 1 ownership or lease expense

Subtract line 13b from line 13a. If this number is less than $0, enter $0.............    **$33.71**

Copy net Vehicle 1 expense here....→    **$33.71**

| Vehicle 2 | Describe Vehicle 2: | **2024 Tesla Model 3 (Capital One)** |

13d. Ownership or leasing costs using IRS Local Standard......................................    **$629.00**

13e. Average monthly payment for all debts secured by Vehicle 2.

Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment |
|---|---|
| **CAPITAL ONE AUTO FINANCE** | **$510.05** |
| | + |
| Total average monthly payment | **$510.05** |

Copy here →    − **$510.05**

Repeat this amount on line 33c.

13f. Net Vehicle 2 ownership or lease expense

Subtract line 13e from 13d. If this number is less than $0, enter $0.............    **$118.95**

Copy net Vehicle 2 expense here....→    **$118.95**

**14. Public transportation expense:** If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the *Public Transportation* expense allowance regardless of whether you use public transportation.    _____

**15. Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation.*    **$0.00**

---

Debtor 1    Gladys    Grace Liad    Villacorta    Case number *(if known)*    2:24-bk-13211-SK

First Name    Middle Name    Last Name

| Other Necessary Expenses | In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories. |
|---|---|

16. **Taxes:**                                                                                                    $2,982.95
The total monthly amount that you will actually owe for federal, state and local taxes, such as income taxes, selfemployment taxes, Social Security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.
Do not include real estate, sales, or use taxes.

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and    $0.00
uniform costs.

Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings.

18. **Life insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together,    $0.00
include payments that you make for your spouse's term life insurance. Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term.

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as    $0.00
spousal or child support payments.

Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35.

20. **Education:** The total monthly amount that you pay for education that is either required:    $0.00

- as a condition for your job, or
- for your physically or mentally challenged dependent child if no public education is available for similar services.

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.    $0.00
Do not include payments for any elementary or secondary school education.

22. **Additional health care expenses, excluding insurance costs:**    $0.00
The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7. Payments for health insurance or health savings accounts should be listed only in line 25.

23. **Optional telephones and telephone services:** The total monthly amount that you pay for telecommunication services for you and your    +    $22.00
dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.

Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122A-1, or any amount you previously deducted.

24. **Add all of the expenses allowed under the IRS expense allowances.**    $9,258.61
Add lines 6 through 23.

Debtor 1    **Gladys**        **Grace Liad**        **Villacorta**            Case number *(if known)* **2:24-bk-13211-SK**
            First Name        Middle Name            Last Name

| **Additional Expense Deductions** | These are additional deductions allowed by the Means Test. *Note:* Do not include any expense allowances listed in lines 6-24. |
| --- | --- |

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

|  |  |  |  |
| --- | --- | --- | --- |
| Health insurance | $1,760.44 | | |
| Disability insurance | $114.58 | | |
| Health savings account | + $0.00 | | |
| Total | $1,875.02 | Copy total here → ............................. | $1,875.02 |

Do you actually spend this total amount?

☐ No. How much do you actually spend?      _____

☑ Yes

26. **Continuing contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. These expenses may include contributions to an account of a qualified ABLE program. 26 U.S.C. § 529A(b).        **$150.00**

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.        **$0.00**

By law, the court must keep the nature of these expenses confidential.

28. **Additional home energy costs.** Your home energy costs are included in your insurance and operating expenses on line 8.

If you believe that you have home energy costs that are more than the home energy costs included in expenses on line 8, then fill in the excess amount of home energy costs.        **$0.00**

You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary.

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $189.58* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.        **$0.00**

You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.

\* Subject to adjustment on 4/01/25, and every 3 years after that for cases begun on or after the date of adjustment.

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.        **$57.00**

To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

You must show that the additional amount claimed is reasonable and necessary.

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 126 U.S.C. § 170(c)(1)-(2).        + **$0.00**

32. **Add all of the additional expense deductions.**
Add lines 25 through 31.        **$2,082.02**

Debtor 1    Gladys        Grace Liad    Villacorta                    Case number *(if known)* 2:24-bk-13211-SK
            First Name    Middle Name   Last Name

---

Deductions for Debt Payment

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| | Average monthly payment |
|---|---|

**Mortgages on your home**

33a. Copy line 9b here ...................................................→    **$0.00**

**Loans on your first two vehicles**

33b. Copy line 13b here ................................................→    **$595.29**

33c. Copy line 13e here ................................................→    **$510.05**

33d. List other secured debts:

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
|---|---|---|---|
| _____ | _____ | ☐ No  ☐ Yes | _____ |
| _____ | _____ | ☐ No  ☐ Yes | _____ |
| _____ | _____ | ☐ No  ☐ Yes | _____ |

+ _____
33e. Total average monthly payment. Add lines 33a through 33d. ..................................    **$1,105.34**    Copy total here→    **$1,105.34**

34. **Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

☐ No. Go to line 35.

☑ Yes. State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | | Monthly cure amount |
|---|---|---|---|---|
| _____ | _____ | _____ | ÷ 60 = | _____ |
| _____ | _____ | _____ | ÷ 60 = | _____ |
| _____ | _____ | _____ | ÷ 60 = | _____ |
| | | Total | + _____ | |
| | | | **$0.00** | Copy total here→    **$0.00** |

35. **Do you owe any priority claims such as a priority tax, child support, or alimony— that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

☑ No. Go to line 36.

☐ Yes. Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

Total amount of all past-due priority claims...................................................    _____    ÷ 60 ≡    _____

---

**36.** **Are you eligible to file a case under Chapter 13?** 11 U.S.C. § 109(e).

For more information, go online using the link for *Bankruptcy Basics* specified in the separate instructions for this form. *Bankruptcy Basics* may also be available at the bankruptcy clerk's office.

☐ No.    Go to line 37.

☑ Yes.    Fill in the following information.

| | | |
|---|---|---|
| Projected monthly plan payment if you were filing under Chapter 13 | | $0.00 |
| Current multiplier for your district as stated on the list issued by the Administrative Office of the United States Courts (for districts in Alabama and North Carolina) or by the Executive Office for United States Trustees (for all other districts). | X | 10.00% |
| To find a list of district multipliers that includes your district, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office. | | |
| Average monthly administrative expense if you were filing under Chapter 13 | $0.00    Copy total here → | $0.00 |

**37.** **Add all of the deductions for debt payment.**
Add lines 33e through 36..................................................................................................................    **$1,105.34**

---

**Total Deductions from Income**

**38.** **Add all of the allowed deductions.**

| | | |
|---|---|---|
| Copy line 24, *All of the expenses allowed under IRS expense allowances* .................................... | $9,258.61 | |
| Copy line 32, *All of the additional expense deductions* ......... | $2,082.02 | |
| Copy line 37, *All of the deductions for debt payment* .............. + | $1,105.34 | |
| Total deductions | $12,445.97    Copy total here·························· → | $12,445.97 |

---

**Part 3:** Determine Whether There Is a Presumption of Abuse

---

**39.** **Calculate monthly disposable income for 60 months**

| | | |
|---|---|---|
| 39a. | Copy line 4, *adjusted current monthly income* ..... | $10,416.87 |
| 39b. | Copy line 38, *Total deductions*.......... | − $12,445.97 |
| 39c. | Monthly disposable income. 11 U.S.C. § 707(b)(2). Subtract line 39b from line 39a. | ($2,029.10)    Copy here → ($2,029.10) |
| | For the next 60 months (5 years) ...................................................... | x 60 |
| 39d. | **Total**. Multiply line 39c by 60. ......................................................... | ($121,746.00)    Copy here → ($121,746.00) |

**40.** **Find out whether there is a presumption of abuse.** Check the box that applies:

☑ **The line 39d is less than $9,075.00\*.** On the top of page 1 of this form, check box 1, *There is no presumption of abuse.* Go to Part 5.

☐ **The line 39d is more than $15,150.00\*.** On the top of page 1 of this form, check box 2, *There is a presumption of abuse.* You may fill out Part 4 if you claim special circumstances. Then go to Part 5.

☐ **The line 39d is at least $9,075.00\*, but not more than $15,150.00\*.** Go to line 41.

\* Subject to adjustment on 4/01/25, and every 3 years after that for cases filed on or after the date of adjustment

Debtor 1    Gladys    Grace Liad    Villacorta    Case number *(if known)* 2:24-bk-13211-SK
First Name        Middle Name        Last Name

---

41.    41a.    **Fill in the amount of your total nonpriority unsecured debt. If** you filled out *A Summary of Your Assets and Liabilities and Certain Statistical Information Schedules* (Official Form 106Sum), you may refer to line 3b on that form............................................    _____

41b.    **25% of your total nonpriority unsecured debt. 11** U.S.C. § 707(b)(2)(A)(i)(I).
Multiply line 41a by 0.25.

x   .25

_____    Copy    _____
here →

42.    **Determine whether the income you have left over after subtracting all allowed deductions is enough to pay 25% of your unsecured, nonpriority debt.**

Check the box that applies:

☐ **Line 39d is less than line 41b.** On the top of page 1 of this form, check box 1, *There is no presumption of abuse.* Go to Part 5.

☐ **Line 39d is equal to or more than line 41b.** On the top of page 1 of this form, check box 2, *There is a presumption of abuse.* You may fill out Part 4 if you claim special circumstances. Then go to Part 5.

---

**Part 4:    Give Details about Special Circumstances**

---

43.    **Do you have any special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative?** 11 U.S.C. § 707(b)(2)(B).

☑ No.    Go to part 5.

☐ Yes.    Fill in the following information. All figures should reflect your average monthly expense or income adjustment for each item. You may include expenses you listed in line 25.

You must give a detailed explanation of the special circumstances that make the expenses or income adjustments necessary and reasonable. You must also give your case trustee documentation of your actual expenses or income adjustments.

| Give a detailed explanation of the special circumstances | Average monthly expense or income adjustment |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

---

**Part 5:    Sign Below**

---

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X _____
Signature of Debtor 1

Date  **10/22/2024**
MM/   DD/   YYYY

---

| Debtor 1 | Gladys | Grace Liad | Villacorta | Case number *(if known)* 2:24-bk-13211-SK |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

# Current Monthly Income Details for the Debtor(s)

| **Debtor 1 Income Details:** |
|---|
| Income for the Period **10/01/2023** to **04/01/2024**. |

**No Income**

| **Non-filing Spouse Income Details:** |
|---|
| Income for the Period **10/01/2023** to **04/01/2024**. |

**Employment Income**

Source of Income: **Hongkong Hanlin Group LLC**

Income by Month:

| | Date | Income | Deductions | Net |
|---|---|---|---|---|
| 6 Months ago | 10/2023 | $10,416.87 | $3,097.53 | $7,319.34 |
| 5 Months ago | 11/2023 | $10,416.87 | $3,097.53 | $7,319.34 |
| 4 Months ago | 12/2023 | $10,416.87 | $3,097.53 | $7,319.34 |
| 3 Months ago | 01/2024 | $10,416.87 | $3,097.53 | $7,319.34 |
| 2 Months ago | 02/2024 | $10,416.87 | $3,097.53 | $7,319.34 |
| Last Month | 03/2024 | $10,416.87 | $3,097.53 | $7,319.34 |
| | Average per month: | $10,416.87 | $3,097.53 | $7,319.34 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHBIT B

# COBRA Continuation Coverage Election Notice

**IMPORTANT INFORMATION: COBRA Continuation Coverage and other Health Coverage Alternatives**

*10/10/2024*

Dear: Calvin Garcia, Gladys Grace L Villacorta, MUGEN GARCIA

**This notice has important information about your right to continue your health care coverage in Bay Design Group, LLC's group health plan (the Plan), as well as other health coverage options that may be available to you, including coverage through the Health Insurance Marketplace at www.HealthCare.gov or call 1-800-318-2596.You may be able to get coverage through the Health Insurance Marketplace that costs less than COBRA continuation coverage. Please read the information in this notice very carefully before you make your decision. If you choose to elect COBRA continuation coverage, you should log in to Rippling and make your elections.**

## Why am I getting this notice?

You're getting this notice because your coverage under the Plan will end on 10/31/2024 due to an end of employment with In Mocean Group LLC (InMocean Group LLC).

Federal law requires that most group health plans (including this Plan) give employees and their families the opportunity to continue their healthcare coverage through COBRA continuation coverage when there's a "qualifying event" that would result in a loss of coverage under an employer's plan.

## What's COBRA continuation coverage?

COBRA continuation coverage is the same coverage that the Plan gives to other participants or beneficiaries who aren't getting continuation coverage. Each "qualified beneficiary" (described below) who elects COBRA continuation coverage will have the same rights under the Plan as other participants or beneficiaries covered under the Plan.

## Who are the qualified beneficiaries?

Each person ("qualified beneficiary") listed below can elect COBRA under one or more of the group health components of the Plan specified below.

- Anthem Vision Plan: Gladys Grace L Villacorta, Calvin Garcia, MUGEN GARCIA
- PPO Dental Plan: Gladys Grace L Villacorta, Calvin Garcia, MUGEN GARCIA
- Platinum 90 HMO 0/10 + Child Dental Alt: Gladys Grace L Villacorta, MUGEN GARCIA, Calvin Garcia

## Are there other coverage options besides COBRA Continuation Coverage?

Yes. Instead of enrolling in COBRA continuation coverage, there may be other more affordable coverage options for you and your family through the Health Insurance Marketplace, Medicaid, Medicare or other group health plan coverage options (such as a spouse's plan) through what is called a "special enrollment period". Some of these options may cost less than COBRA continuation coverage.

You should compare your other coverage options with COBRA continuation coverage and choose the coverage that is best for you. For example, if you move to other coverage you may pay more out of pocket than you would under COBRA because the new coverage may impose a new deductible.

When you lose job-based health coverage, it's important that you choose carefully between COBRA continuation coverage and other coverage options, because once you've made your choice, it can be difficult or impossible to switch to another coverage option.

## If I elect COBRA continuation coverage, when will my coverage begin and how long will the coverage last?

If elected, COBRA continuation coverage will begin on 11/01/2024 and can last until 04/30/2026.

Continuation coverage may end before the date noted above in certain circumstances, like failure to pay premiums, fraud, or the individual becoming covered under another group health plan.

## Can I extend the length of COBRA continuation coverage?

If you elect continuation coverage, you may be able to extend the length of continuation coverage if a qualified beneficiary is disabled, or if a second qualifying event occurs. You must notify Rippling Support of a disability or a second qualifying event within a certain time period to extend the period of continuation coverage. If you don't provide notice of a disability or second qualifying event within the required time period, it will affect your right to extend the period of continuation coverage.

For more information about extending the length of COBRA continuation coverage visit https://www.dol.gov/sites/dolgov/files/EBSA/about-ebsa/our-activities/resource-center/publications/an-employees-guide-to-health-benefits-under-cobra.pdf .

## How much does COBRA continuation coverage cost?

The cost of COBRA continuation coverage can be checked online by logging in to [Kipping.com](Kipping.com) and is also described below.

Other coverage options may cost less. If you choose to elect continuation coverage, you don't have to send any payment with the Election Application. Additional information about payment will be provided to you after the election application is received by the Plan. Important information about paying your premium can be found at the end of this notice.

Your plans and costs:

- Anthem Vision Plan
  Cost of Plan for Employee + all Qualified beneficiaries: $28.95
- PPO Dental Plan
  Cost of Plan for Employee + all Qualified beneficiaries: $178.90
- Platinum 90 HMO 0/10 + Child Dental Alt
  Cost of Plan for Employee + all Qualified beneficiaries: $1552.59

**You may be able to get coverage through the Health Insurance Marketplace that costs less than COBRA continuation coverage.** You can learn more about the Marketplace below.

## What is the Health Insurance Marketplace?

The Marketplace offers "one-stop shopping" to find and compare private health insurance options. In the Marketplace, you could be eligible for a new kind of tax credit that lowers your monthly premiums and cost-sharing reductions (amounts that lower your out-of-pocket costs for deductibles, coinsurance, and copayments) right away, and you can see what your premium, deductibles, and out-of-pocket costs will be before you make a decision to enroll. Through the Marketplace you'll also learn if you qualify for free or low-cost coverage from [Medicaid](Medicaid) or the [Children's Health Insurance Program (CHIP)](Children's Health Insurance Program (CHIP)). You can access the Marketplace for your state at [www.HealthCare.gov](www.HealthCare.gov).

Coverage through the Health Insurance Marketplace may cost less than COBRA continuation coverage. Being offered COBRA continuation coverage won't limit your eligibility for coverage or for a tax credit through the Marketplace.

## When can I enroll in Marketplace coverage?

You always have 60 days from the time you lose your job-based coverage to enroll in the Marketplace. That is because losing your job-based health coverage is a "special enrollment" event. **After 60 days your special enrollment period will end and you may not be able to enroll, so you should take action right away.** In addition, during what is called an "open enrollment" period, anyone can enroll in Marketplace coverage.

To find out more about enrolling in the Marketplace, such as when the next open enrollment period will be and what you need to know about qualifying events and special enrollment periods, visit [www.HealthCare.gov](www.HealthCare.gov).

## If I sign up for COBRA continuation coverage, can I switch to coverage in the Marketplace? What about if I choose Marketplace coverage and want to switch back to COBRA continuation coverage?

If you sign up for COBRA continuation coverage, you can switch to a Marketplace plan during a Marketplace open enrollment period. You can also end your COBRA continuation coverage early and switch to a Marketplace plan if you have another qualifying event such as marriage or birth of a child through something called a "special enrollment period." But be careful though - if you terminate your COBRA continuation coverage early without another qualifying event, you'll have to wait to enroll in Marketplace coverage until the next open enrollment period, and could end up without any health coverage in the interim. Once you've exhausted your COBRA continuation coverage and the coverage expires, you'll be eligible to enroll in Marketplace coverage through a special enrollment period, even if Marketplace open enrollment has ended. If you sign up for Marketplace coverage instead of COBRA continuation coverage, you cannot switch to COBRA continuation coverage under any circumstances.

## Can I enroll in another group health plan?

You may be eligible to enroll in coverage under another group health plan (like a spouse's plan), if you request enrollment within 30 days of the loss of coverage.

If you or your dependent chooses to elect COBRA continuation coverage instead of enrolling in another group health plan for which you're eligible, you'll have another opportunity to enroll in the other group health plan within 30 days of losing your COBRA continuation coverage.

## Can I enroll in Medicare instead of COBRA continuation coverage after my group health plan coverage ends?

In general, if you don't enroll in Medicare Part A or B when you are first eligible because you are still employed, after the initial enrollment period for Medicare Part A or B, you have an 8-month special enrollment period to sign up, beginning on the earlier of

- The month after your employment ends; or
- The month after group health plan coverage based on current employment ends.

If you don't enroll in Medicare Part B and elect COBRA continuation coverage instead, you may have to pay a Part B late enrollment penalty and you may have a gap in coverage if you decide you want Part B later. If you elect COBRA continuation coverage and then enroll in Medicare Part A or B before the COBRA continuation coverage ends, the Plan may terminate your continuation coverage. However, if Medicare Part A or

B is effective on or before the date of the COBRA election, COBRA coverage may be discontinued on account of Medicare entitlement, even if you enroll in the other part of Medicare after the date of the election of COBRA coverage.

If you are enrolled in both COBRA continuation coverage and Medicare, Medicare will generally pay first (primary payer) and COBRA will pay second. Certain COBRA continuation coverage plans may pay as if secondary to Medicare, even if you are not enrolled in Medicare.

For more information visit https://www.medicare.gov/medicare-and-you

## What factors should I consider when choosing coverage options?

When considering your options for health coverage, you may want to think about:

- <u>Premiums</u>: Your previous plan can charge up to 102% of total plan premiums for COBRA coverage. Other options, like coverage on a spouse's plan or through the Marketplace, may be less expensive.

- <u>Provider Networks</u>: If you're currently getting care or treatment for a condition, a change in your health coverage may affect your access to a particular health care provider. You may want to check to see if your current health care providers participate in a network as you consider options for health coverage.

- <u>Drug Formularies</u>: If you're currently taking medication, a change in your health coverage may affect your costs for medication - and in some cases, your medication may not be covered by another plan. You may want to check to see if your current medications are listed in drug formularies for other health coverage.

- <u>Severance payments</u>: If you lost your job and got a severance package from your former employer, your former employer may have offered to pay some or all of your COBRA payments for a period of time. In this scenario, you may want to contact the Department of Labor at 1-866-444-3272 to discuss your options.

- <u>Service Areas</u>: Some plans limit their benefits to specific service or coverage areas - so if you move to another area of the country, you may not be able to use your benefits. You may want to see if your plan has a service or coverage area, or other similar limitations.

- <u>Other Cost-Sharing</u>: In addition to premiums or contributions for health coverage, you probably pay copayments, deductibles, coinsurance, or other amounts as you use your benefits. You may want to check to see what the cost-sharing requirements are for other health coverage options. For example, one option may have much lower monthly premiums, but a much higher deductible and higher copayments.

## How and when do I elect COBRA coverage?

To elect COBRA continuation coverage, log in to Rippling, select the plan and level of coverage you want, and click on "Submit". Under federal law, you have 60 days after the date of this notice to decide whether you want to elect COBRA continuation coverage.

Your election must be completed and submitted by 12/30/2024. If you don't submit a completed election by the due date shown above, you'll lose your right to elect COBRA continuation coverage. If you reject COBRA continuation coverage before the due date, you may change your mind as long as you submit a completed election before the due date. However, if you change your mind after first rejecting COBRA continuation coverage, your COBRA continuation coverage will begin on the date you submit the completed election. Read the important information below about your rights.

## Important Information About Payment

*First payment for continuation coverage*

You must make your first payment for continuation coverage no later than 45 days after the date of your election (this is the date the Election Notice is postmarked). If you don't make your first payment in full no later than 45 days after the date of your election, you'll lose all continuation coverage rights under the Plan. You're responsible for making sure that the amount of your first payment is correct. You may contact Rippling Support to confirm the correct amount of your first payment.

*Periodic payments for continuation coverage*

After you make your first payment for continuation coverage, you'll have to make periodic payments for each coverage period that follows. The amount due for each coverage period for each qualified beneficiary is shown in this notice. The periodic payments can be made on a monthly basis. Under the Plan, each of these periodic payments for continuation coverage is due 1st of each month for that coverage period. If you make a periodic payment on or before the first day of the coverage period to which it applies, your coverage under the Plan will continue for that coverage period without any break. The Plan will send periodic notices of payments due for these coverage periods.

x

*Grace periods for periodic payments*

Although periodic payments are due on the dates shown above, you'll be given a grace period of 30 days after the first day of the coverage period to make each periodic payment. You'll get continuation coverage for each coverage period as long as payment for that coverage period is made before the end of the grace period. If you don't make a periodic payment before the end of the grace period for that coverage period, you'll lose all rights to continuation coverage under the Plan.

Your first payment and all periodic payments will be deducted automatically from your bank account. Make sure you have the correct bank account listed here: COBRA Bank Account

## For more information

This notice doesn't fully describe continuation coverage or other rights under the Plan. If you have questions about continuation coverage or your rights under the Plan, or if you want a copy of your summary plan description, contact your company's Plan Administrator at +12122874349 or faithh@inmocean.net

For more information about your rights under the Employee Retirement Income Security Act (ERISA), including COBRA, the Patient Protection and Affordable Care Act, and other laws affecting group health plans, visit the U.S. Department of Labor's Employee Benefits Security Administration (EBSA) website at www.dol.gov/ebsa or call their toll-free number at 1-866-444-3272. For more information about health insurance options available through the Health Insurance Marketplace, and to locate an assister in your area who you can talk to about the different options, visit www.HealthCare.gov.

## Keep Your Plan Informed of Address Changes

To protect your and your family's rights, keep the Plan Administrator informed of any changes in your address and the addresses of family members. You should also keep a copy of any notices you send to the Plan Administrator.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**3090 Bristol Street #400**
**Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION TO CONVERT CHAPTER 13 CASE TO CHAPTER 7** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/23/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kathy A Dockery (TR)    EFiling@LATrustee.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/23/2024 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Sandra R. Klein
255 E. Temple Street
Suite 1582 / Courtroom 1575
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/23/2024 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**